IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ANTHONY EVANS, <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER DEMESSEMAKER; CARRIE WALSTEAD; and KRISTY COBBAN, <br><br> Defendants. | Cause No. CV 22-48-H-BMM-JTJ <br><br> ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On June 22, 2022, Plaintiff Anthony Evans moved to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violations of his civil rights. The Court granted his motion and gave him an opportunity to supplement his complaint with additional factual allegations.

Evans responded on June 27 and 29, 2022, by filing an amended complaint with a motion to amend and a brief in support of the amended pleading. He is entitled to amend his pleading once, without leave, "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1). His motion to amend is granted.

I. Screening

Because Evans is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which

1

relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## II. Evans' Allegations

Evans alleges retaliation in violation of his rights under the First Amendment. He explains that, on March 8, 2022, he and Defendant Officer Demessemaker "got into a verbal altercation regarding the amount of time that inmates were allowed to utilize the loaner tablets." Am. Compl. (Doc. 6) at 5 ¶ 14. Evans avers that Demessemaker did not give him a direct order and that he did nothing to impede the officer. *See id*. at 11 ¶ 46. After Evans said he intended to file a grievance, Demessemaker said he intended to file a disciplinary report. *See id*. at 5 ¶¶ 15–16.

Evans filed an informal grievance on March 8, 2022. On March 10, 2022, Evans received a disciplinary report charging him with disobeying a direct order and impeding staff. *See* Am. Compl. at 5–6 ¶¶ 18–19. On March 10, Evans told Defendant Walstead, the hearing officer, that the disciplinary report was false and retaliatory. She set a hearing for March 15. Evans was found guilty. *See id*. at 6 ¶

20, 7 ¶ 25. Evans appealed, but Defendant Cobban upheld the finding. *See id*. at 7 ¶ 27. Evans claims that neither Walstead nor Cobban conducted an adequate investigation or review. *See id.* at 6 ¶ 21, 8 ¶ 30. Evans was fined $21.00, received classification points, and lost his history of clear conduct. *See id*. at 11–12 ¶ 48.

For his relief, Evans seeks $63 in trebled compensatory damages, $5,000 in punitive damages, declaratory relief, and injunctive relief to restore his record of clear conduct and his previous classification score. *See* Am. Compl. at 20–21 ¶¶ 80–85.

### III.  Analysis

The Court has considered both the amended complaint (Doc. 6) and the brief Evans submitted in its support (Doc. 7).

"[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A retaliation claim has "five basic elements":

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Evans admits that he and Demessemaker engaged in a verbal altercation. It is at least as reasonable to infer that Evans was disciplined "because of" the altercation as it is to infer that he was disciplined "because of" his statement of intent to file a grievance, or because he filed a grievance, or because of his history of filing grievances. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. Evans' allegations do not fairly support the second element of a retaliation claim.

In addition, whether Evans disobeyed a direct order or impeded Demessemaker was up to prison staff, not a federal court. Prison staff were not obliged to agree with Evans' views of the situation. Holding inmates responsible for engaging in verbal altercations with staff is a legitimate correctional goal. The cases Evans cites, *see* Am. Compl. at 19–20 ¶ 78, involved facts indicating a legitimate correctional goal did not exist—even in the cases litigated in other circuits that do not include the fifth element of *Rhodes*.

Evans fails to allege facts fairly supporting an inference that any defendant acted "because of" his history of filing grievances. He also fails to allege facts supporting an inference that any defendant's actions did not reasonably advance a legitimate correctional goal. He does not state a claim for retaliation against any of the defendants.

## IV. Amendment and Appeal

Amendment cannot cure the defects of Evans' pleading. The facts he alleges simply do not support a claim for retaliation. Staff had a legitimate correctional goal in view of the verbal altercation, and it is at least as likely that the disciplinary violation was charged "because of" the altercation as it is that the violation was retaliatory in nature. The docket should reflect a strike for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because the facts defeat the claim, an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (a)(4)(B).

Accordingly, **IT IS ORDERED:**

1. Evans' motion to amend (Doc. 6-1) is GRANTED.

2. The clerk will amend the caption of the case to reflect Evans' dismissal of Defendant Gianforte on June 27, 2022.

The Court also **RECOMMENDS**:

3. Evans' amended complaint should be DISMISSED without further leave to amend for failure to state a claim on which relief may be granted.

4. The docket should reflect that Evans' filing of this action counts as one strike under 28 U.S.C. § 1915(g).

5. The District Court should CERTIFY that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Evans may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Evans must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of July, 2022.

John Johnston
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.